**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| KYANN FLINT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALOHA POKE FAIRHAVEN, LLC<br><br>　　　　　Defendant. | No.<br><br><br>COMPLAINT |

Plaintiff, KYANN FLINT ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues OLOHA POKE FAIRHAVEN, LLC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and Chapter 49.60 of the Revised Code of Washington and alleges:

**JURISDICTION AND PARTIES**

　　1.　　This is an action for declaratory and injunctive relief and damages pursuant to Title III

COMPLAINT- 1

**Schwartz Roller & Zwilling**
600 Vestavia Pkwy., Ste. 251
Birmingham, AL 35216
Telephone: (205) 822-2701

of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA") and Chapter 49.60 of the Revised Code of Washington.  This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this Court, the Western District of Washington, pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Washington.

3. Plaintiff, KYANN FLINT (hereinafter referred to as "FLINT") is a resident of the State of Washington and is a qualified individual with a disability under the ADA.  FLINT suffers from what constitutes a "qualified disability" under the ADA, Chapter 49.60 of the Revised Code of Washington, and all other applicable Federal statutes and regulations.  Plaintiff has substantial limitations to her ability to see (is "legally blind") and also has a neuromuscular disorder that limits her ability to walk such that she requires a wheelchair for mobility and has limited use of her upper extremities.  Prior to instituting the instant action, FLINT visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA.  FLINT continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, ALOHA POKE FAIRHAVEN LLC, is a limited liability company

COMPLAINT- 2

**Schwartz Roller & Zwilling**
600 Vestavia Pkwy., Ste. 251
Birmingham, AL 35216
Telephone: (205) 822-2701

registered to do business and, in fact, is conducting business in the State of Washington. Upon information and belief, ALOHA POKE FAIRHAVEN, LLC. (hereinafter referred to as "Aloha") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically the Aloha Poke Restaurant located at 1102 Harris Avenue, in Bellingham, Washington (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Western District of Washington.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by ALOHA is a place of public accommodation in that it is a restaurant operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of

goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by ALOHA.  Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA.  FLINT has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. ALOHA is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.,* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

COMPLAINT- 4

**Schwartz Roller & Zwilling**
600 Vestavia Pkwy., Ste. 251
Birmingham, AL 35216
Telephone: (205) 822-2701

      i.      There is no accessible path of travel from the city side walk to the entry due to a 3 inch to 4 inch change in level;

      ii.      There is no accessible seating in the interior dining area;

      iii.      The corridor to the restroom is too narrow for a wheelchair user;

      iv.      There is insufficient maneuvering space at both sides of the restroom door;

      v.      The toilet compartment is too narrow and too shallow;

      vi.      There are no grab bars in the toilet compartment;

12. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by ALOHA that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, ALOHA was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, ALOHA has failed to comply with this mandate.

COMPLAINT- 5

**Schwartz Roller & Zwilling**
600 Vestavia Pkwy., Ste. 251
Birmingham, AL 35216
Telephone: (205) 822-2701

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

WHEREFORE, the Plaintiff demands judgment against ALOHA, and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

**Schwartz Roller & Zwilling**
600 Vestavia Pkwy., Ste. 251
Birmingham, AL 35216
Telephone: (205) 822-2701

## COUNT II - VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION

16. Plaintiff realleges and reavers Paragraphs 1-5 contained herein.

17. Chapter 49.60 of the Revised Code of Washington is known as the "law against discrimination." Section 49.60.010 provides that it is an exercise of the police power of the state for the protection of the public welfare, health, and peace of the people of this state, and in fulfillment of the provisions of the Constitution of this state concerning civil rights. Through this section, the legislature found and declared that practices of discrimination against any of its inhabitants because of … the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person is a matter of state concern and that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state.

18. Section 49.60.215 of the Revised Code of Washington makes it an unfair practice for any person or the person's agent or employee to commit an act which directly or indirectly results in any distinction, restriction, or discrimination, or the requiring of any person to pay a larger sum than the uniform rates charged other persons, or the refusing or withholding from any person the admission, patronage, custom, presence, frequenting, dwelling, staying, or lodging in any place of public resort, accommodation, assemblage, or amusement, except for conditions and limitations established by law and applicable to all persons, regardless of …..the presence of any sensory,

COMPLAINT- 7

**Schwartz Roller & Zwilling**
600 Vestavia Pkwy., Ste. 251
Birmingham, AL 35216
Telephone: (205) 822-2701

mental, or physical disability, or the use of a trained dog guide or service animal by a disabled person.

19. Section 49.60.030 provides that any person deeming himself or herself injured by any act in violation of this chapter (49.60) shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter.

20. Pursuant to Section 9.91.010(d) of the Revised Code of Washington, the establishment owned by ALOHA is a place of public accommodation in that it is a Restaurant which provides goods and services to the public.

21. ALOHA has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of the Revised Code of Washington §49.60 *et seq*.

22. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant. Prior to filing of this lawsuit, Plaintiff visited the Restaurant and was denied access to the benefits, accommodations and services of the Defendant's goods and services and therefore were damaged and suffered an injury in fact. In addition, Plaintiff continues to desire to visit the Restaurant, but continues to be damaged and injured in that she is

COMPLAINT- 8

**Schwartz Roller & Zwilling**
600 Vestavia Pkwy., Ste. 251
Birmingham, AL 35216
Telephone: (205) 822-2701

unable to and continues to be discriminated against due to the architectural barriers which remain at the Restaurant in violation of the ADA and the Revised Code of Washington §49.60 *et seq.*

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by Defendant is violative of the Revised Code of Washington §49.60 *et seq.*;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible to and useable by individuals with disabilities to the full extent required by the Revised Code of Washington §49.60 *et seq.*;

C. That the Court enter an Order directing def to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award damages, reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 19th day of May, 2017.

Respectfully submitted,
By: ___/s/ Bridget Bourgette Shaw___
Bridget Bourgette Shaw, Esq.

COMPLAINT- 9

**Schwartz Roller & Zwilling**
600 Vestavia Pkwy., Ste. 251
Birmingham, AL 35216
Telephone: (205) 822-2701

WSBA 28850
Shaw Law Group, PLLC
Local Counsel for Plaintiff
323 1st Avenue West
Seattle, WA 98119
Telephone: (206) 623-1225
Facsimile: (206) 283-0923
Email:  bridget@shawlawgrouppllc.com


By:   /s/ Edward I. Zwilling
      Edward I. Zwilling
      Alabama Bar No. ASB-1564-L54E
      Schwartz Roller & Zwilling
      Attorneys for Plaintiff
      600 Vestavia Parkway, Suite 251
      Birmingham, Alabama 35216
      Telephone:     (205) 822-2701
      Facsimile:     (205) 822-2702
      Email: ezwilling@szalaw.com

COMPLAINT- 10